# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BEVERLY WATTS DAVIS, <br> Appellant, | DOCKET NUMBER <br> DA-1221-13-0040-R-1 |
| v. | |
| CORPORATION FOR NATIONAL <br> AND COMMUNITY SERVICE, <br> Agency. | DATE: February 3, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Jessica L. Parks, Esquire, and Juliette M. Niehuss, Esquire, Washington, D.C., for the appellant.

Angela R. Williams, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

¶1 This case is before the Board on the parties' joint request to reopen a final Board decision. MSPB Docket No. DA-1221-13-0040-W-1, Petition for Review (PFR) File, Tabs 7-8. For the reasons set forth below, we REOPEN the appeal under 5 C.F.R. § 1201.118, VACATE the Board's Final Order, *Watts Davis v.*

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

*Corporation for National and Community Service*, MSPB Docket No. DA-1221-13-0040-W-1, Final Order (May, 22, 2014), and the administrative judge's February 21, 2013 Initial Decision, *see* MSPB Docket No. DA-1221-13-0040-W-1, Initial Appeal File, Tab 16, Initial Decision, and DISMISS the appeal as settled.

¶2    The parties reached a fully executed settlement agreement following issuance of the Board's May 22, 2014 Final Order in this matter.  MSPB Docket No. DA-1221-13-0040-R-1, Reopening File, Tab 1.  The parties submitted a document entitled "SETTLEMENT AGREEMENT" signed and dated by the appellant on November 21, 2014, and by the agency on November 24, 2014.  *Id*. The document provides, among other things, for the vacature of the Board's May 22, 2014 Final Order, the administrative judge's February 21, 2013 Initial Decision, and dismissal of the underlying individual right of action (IRA) appeal as settled.  *Id*. at 1.

¶3    Before dismissing a matter as settled, the Board must decide whether the parties have entered into a settlement agreement, understand its terms, and intend to have the agreement entered into the record for enforcement by the Board.  *See Mahoney v. U.S. Postal Service*, 37 M.S.P.R. 146, 149 (1988).  We find here that the parties, in fact, have entered into a settlement agreement, that they understand the terms, and that they understand that the Board will not retain enforcement authority over the provisions in this agreement.   *See* Reopening File, Tab 1 at 3.

Accordingly, we reopen the IRA appeal in this matter, find it appropriate under the circumstances to VACATE the Board's decisions dated February 21, 2013, and May 22, 2014, and referenced herein, and DISMISS as settled the underlying IRA appeal "with prejudice to refiling" (i.e., the parties normally may not refile this appeal.

¶4        This is the final order of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulation, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE TO THE PARTIES OF THEIR
## ENFORCEMENT RIGHTS

If the agency or the appellant has not fully carried out the terms of the agreement, either party may ask the Board to enforce the settlement agreement by promptly filing a petition for enforcement with the office that issued the initial decision on this appeal.  The petition should contain specific reasons why the petitioning party believes that the terms of the settlement agreement have not been fully carried out, and should include the dates and results of any communications between the parties.  5 C.F.R. § 1201.182(a).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
William D. Spencer
Clerk of the Board

Washington, D.C.