# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

MELISSA A. WALL,
                Appellant,

      v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                Agency.

DOCKET NUMBER
SF-844E-14-0787-I-1

DATE: April 10, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Charline H. Lewis</u>, Los Angeles, California, for the appellant.

<u>Delores A. Saunders</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the Office of Personnel Management's (OPM's) reconsideration decision. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    In a reconsideration decision, OPM denied the appellant's application for disability retirement benefits. Initial Appeal File (IAF), Tab 4 at 4. OPM found that the appellant failed to submit adequate objective medical evidence to support her claim that she was disabled for the position of Full Time Regular Carrier due to heart disease.[2] *Id.*

¶3    On appeal,[3] the administrative judge reviewed the statements of the appellant's treating physicians, the statements of the physician to whom OPM had sent the appellant's application to be reviewed, and the appellant's own statements concerning her condition. IAF, Tab 15, Initial Decision (ID) at 5-10. He also reviewed the Social Security Administration's (SSA's) decision

[2] The appellant's former supervisor with the U.S. Postal Service indicated that the appellant was less than fully successful due to excessive absences and the employing agency issued the appellant a notice of proposed removal. IAF, Tab 4 at 32. The agency held the proposed removal in abeyance for 60 days to allow the appellant to apply for disability retirement. IAF, Tab 1. The agency effected the appellant's removal on September 4, 2014. IAF, Tab 11, Exhibit 3.

[3] Initially, the appellant requested a hearing. IAF, Tab 1. However, during proceedings below, she withdrew her request, IAF, Tab 8, and the administrative judge decided the appeal based on the written record.

disapproving the appellant's claim for Social Security disability benefits. ID at 10-11.

¶4 The administrative judge found that the September 28, 2014 assessment of the appellant's primary care physician that the appellant experiences heart pain throughout the day is contradicted by his assessment just 9 days earlier, on September 19, 2014, that the appellant reported no chest pain, no arm pain on exertion, no shortness of breath when walking or lying down, no palpitations, and no heart murmur. ID at 11. The administrative judge also found that the appellant's primary care physician's opinion that her supraventricular tachycardia[4] did not resolve with a procedure, called a catheter ablation, performed in 2013 was contradicted by another physician who saw the appellant and reported that the ablation was successful and that the appellant no longer had daily palpitations, felt well, and was in good spirits. ID at 11. The administrative judge additionally found that the opinion of the appellant's primary care physician is also inconsistent with a stress test that the appellant underwent and that found no abnormality. ID at 12. The administrative judge found that the record is further lacking in objective medical evidence to show that the appellant is disabled by a low back condition or by anxiety disorder. ID at 12. Finally, he found the appellant's own statements regarding her symptoms and their effect on her ability to work are not supported by the medical evidence. ID at 13. The administrative judge found that the appellant failed to meet her burden to prove entitlement to disability retirement benefits. ID at 13.

¶5 In her petition for review, the appellant points out that SSA's decision found that she could not perform the duties of her Full Time Regular Carrier position and that her supervisor also stated that she could not perform the duties of her position. Petition for Review (PFR) File, Tab 1. She also asserts that she

---

[4] Supraventricular tachycardia is a condition that evidences itself, from time to time, by the heart beating very fast for a reason other than exercise, high fever, or stress. *See* WebMD, http://www.webmd.com (last visited March 19, 2015).

could not obtain further medical evidence because she no longer has medical insurance. *Id*.

¶6        In an appeal from an OPM decision on a voluntary disability retirement application, the appellant bears the burden of proof by preponderant evidence. *Thorne v. Office of Personnel Management*, 105 M.S.P.R. 171, ¶ 5 (2007); 5 C.F.R. § 1201.56(a)(2). To be eligible for a disability retirement annuity under Federal Employees Retirement System (FERS), an employee must show the following: (1) she completed at least 18 months of creditable civilian service; (2) while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling condition is expected to continue for at least 1 year from the date that the application for disability retirement benefits was filed; (4) accommodation of the disabling medical condition in the position held must be unreasonable; and (5) she did not decline a reasonable offer of reassignment to a vacant position. *Thorne*, 105 M.S.P.R. 171, ¶ 5; *see* 5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a). An appellant may meet the statutory requirement that she "be unable, because of disease or injury, to render useful and efficient service in [her] position" by showing that: (1) the medical condition caused a deficiency in performance, attendance, or conduct, as evidenced by the effect of her medical condition on her ability to perform specific work requirements, or her medical condition prevented her from being regular in attendance, or caused her to act inappropriately; or (2) the medical condition is incompatible with useful and efficient service or retention in the position by demonstrating that her medical condition is inconsistent with working in general, in a particular line of work, or in a particular type of work setting. *Rucker v. Office of Personnel Management*, 117 M.S.P.R. 669, ¶ 10 (2012).

¶7        Here, there is no dispute that the appellant completed at least 18 months of creditable civilian service, the employing agency stated that it could not accommodate her alleged disabling medical condition, and she did not decline a reasonable offer of reassignment to a vacant position. At issue is whether the appellant showed that while employed in a position subject to FERS, she became disabled because of a medical condition, resulting in a deficiency in performance, conduct, or attendance. The Board will consider all pertinent evidence in determining an appellant's entitlement to disability retirement, including: objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and evidence relating to the effect of the applicant's condition on her ability to perform the duties of her position. *See, e.g.*, *Henderson v. Office of Personnel Management*, 117 M.S.P.R. 313, ¶ 19 (2012); *Dunn v. Office of Personnel Management*, 60 M.S.P.R. 426, 432 (1994).

¶8        In a disability retirement application under FERS, the Board must consider an award of Social Security disability benefits. *See Suter v. Office of Personnel Management*, 88 M.S.P.R. 80, ¶ 12 (2001). However, as is the case here, the Board may find that such evidence is outweighed by inconsistent and inadequate medical evidence. *Id*. Similarly, as here, where there is no award of Social Security disability benefits, but a statement by SSA that the appellant could not perform the duties of her Regular Carrier position, the Board may find that such evidence is outweighed by the inconsistent and inadequate medical evidence. We agree with the administrative judge that SSA's comment in its decision is outweighed by the inconsistent and inadequate medical evidence of record. As noted, even the appellant's primary care physician gave contradictory assessments of the appellant's condition. His September 28, 2014 assessment of the appellant's condition indicated that that the appellant experienced heart pain throughout the day, yet his assessment just 9 days earlier, on September 19, 2014, was that the appellant reported no chest pain, no arm pain on exertion, no

shortness of breath when walking or lying down, no palpitations, and no heart murmur.  ID at 11; IAF, Tab 11, Subtab 5.

¶9        The Board also will consider a supervisor's statement in a disability retirement application under FERS.  *See Beeler-Smith v. Office of Personnel Management*, 112 M.S.P.R. 479, ¶ 12 (2009).  Here, the appellant's supervisor in the Regular Carrier position stated that the appellant was "unable to perform any duties of the job."  IAF, Tab 4 at 33.  The supervisor apparently relied on the September 3, 2013 statement of the appellant's primary care physician that the appellant was "no longer capable of doing her full time job of being a mail carrier."  *Id*. at 37.  As noted, however, on September 19, 2014, that same physician assessed that the appellant reported no chest pain, no arm pain on exertion, no shortness of breath when walking or lying down, no palpitations, and no heart murmur.  IAF, Tab 11, Subtab 5.  Because the Supervisor's Statement relies on medical evidence that is later contradicted, we find that it is not competent evidence establishing that the appellant's conditions preclude her from performing the duties of her position.

¶10       We do not dispute the appellant's statement that at this time her ability to get treatment is limited because of her lack of health insurance and other financial resources.  The Board will not deny disability retirement for an otherwise qualified applicant because she was unable to afford more expensive treatment.  *See Craig v. Office of Personnel Management*, 92 M.S.P.R. 449, ¶ 18 n.8 (2002).  Here, however, we find that the medical evidence that the appellant submitted from physicians treating her while she was still employed by the U.S. Postal Service, when she presumably had health insurance, is contradictory and insufficient for her to meet her burden to prove entitlement to disability retirement.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.