**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PAUL J. BISHOP,
        Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
        Agency.

DOCKET NUMBER
NY-1221-15-0186-W-1

DATE: September 28, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul J. Bishop, Hillsborough, New Jersey, pro se.

Frank C. Sharp, Esquire and Deborah Rubin, Esquire, New York, New
    York, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal as barred by res judicata. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        On April 24, 2015, the appellant filed an IRA appeal in which he alleged that, effective August 20, 2007, the agency terminated him from his excepted service position as a GS-11 Agriculture Specialist[2] based on his protected disclosures. Initial Appeal File (IAF), Tab 1 at 9. With his appeal, the appellant submitted a copy of a March 25, 2015 letter from the Office of Special Counsel stating that it had made a final determination to close its file on his complaint and advising him of his right to seek corrective action from the Board. *Id.* at 14.

¶3        The administrative judge ordered the appellant to show cause why his appeal should not be dismissed as barred by res judicata based on his having previously filed an IRA appeal alleging that his termination was in retaliation for whistleblowing. IAF, Tab 3. In response, the appellant argued that res judicata was not applicable because the Board lacked jurisdiction over his termination and therefore there had been no final judgment on the merits. IAF, Tab 5.

¶4        The administrative judge dismissed the appeal as barred by res judicata. IAF, Tab 8, Initial Decision (ID) at 2-5. He found that: (1) on April 22, 2009,

---

[2] The appellant's appointment was pursuant to the Federal Career Intern Program. *See* 5 C.F.R. § 213.3202(o); Initial Appeal File (IAF), Tab 5 at 13.

the appellant filed a timely IRA appeal alleging that his 2007 termination was in retaliation for whistleblowing; (2) following a hearing, the administrative judge denied the appellant's request for corrective action, *Bishop v. Department of Homeland Security*, MSPB Docket No. NY-1221-09-0209-W-1, Initial Decision (Oct. 14, 2009); and (3) the Board denied the appellant's petition for review of that decision, *Bishop v. Department of Homeland Security*, MSPB Docket No. NY-1221-09-0209-W-1, Final Order (Feb. 24, 2010), rendering the initial decision the Board's final decision in the matter. The administrative judge found that the Board had jurisdiction over the appellant's previous IRA appeal, that the prior judgment was a final judgment on the merits, and that it involved the same cause of action and the same parties or their privies as are involved in the instant case. To the extent that the appellant appeared to argue that the agency retaliated against him when he disclosed that the agency improperly promoted him from GS-9/1 to GS-11/2 on the same day, the administrative judge found that the appellant could have raised that claim in his first IRA appeal and that therefore res judicata barred that claim as well. ID at 5.

¶5        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3, and the appellant has filed a reply thereto,[3] PFR File, Tab 4.

---

[3] The appellant was required to file his reply to the agency's response within 10 days after the date of service of the response, or by August 10, 2015. PFR File, Tab 2; 5 C.F.R. § 1201.114(e). The appellant's August 31, 2015 reply, PFR File, Tab 4, was not timely filed. Nor did he comply with the Board's regulations, which require that he timely request an extension of time to file. *See* 5 C.F.R. § 1201.114(f). He appears to suggest that the reason for the late filing is newly discovered evidence, specifically, the Board's May 2015 report, "What is Due Process in Federal Civil Service Employment?," which the Board provided to him on August 11, 2015. PFR File, Tab 4. Even if we were to consider the appellant's stated reason for his late filing, we would find that he has not demonstrated good cause because the report itself was published before the initial decision in this case was issued. Moreover, the appellant has not shown that the report addresses the factual and legal issues raised by the agency in its response to his petition for review. *See* 5 C.F.R. § 1201.114(a)(4). For these reasons, we have not considered the appellant's reply.

¶6　　　On review, the appellant argues, as he did below, that res judicata does not apply to bar his appeal.　He reasons that, because the Board lacks jurisdiction over the termination of Federal Career Interns, there has been no final judgment on the merits of his claim.　PFR File, Tab 1 at 2-3.

¶7　　　Under the doctrine of res judicata, a valid, final judgment on the merits of an action bars a second action involving the same parties or their privies based on the same cause of action.　*Inman v. Department of Veterans Affairs*, 115 M.S.P.R. 41, ¶ 13 (2010) (citing *Peartree v. U.S. Postal Service*, 66 M.S.P.R. 332, 337 (1995)).　Res judicata precludes parties from relitigating issues that were, or could have been, raised in the prior action, and is applicable if:　(1) the prior judgment was rendered by a forum of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases.　*Id.*

¶8　　　Although the Board did find in an earlier case that it lacked jurisdiction over the appellant's termination, *Bishop v. Department of Homeland Security*, MSPB Docket No. NY-0752-08-0001-I-1, Initial Decision at 1, 6 (Oct. 24, 2007),[4] the instant case is an IRA appeal in which the appellant alleges that the reason for his termination was his whistleblowing.　And, as noted, the Board also issued a decision on his earlier IRA appeal in which he made the same allegation.[5]　In that initial decision, after finding Board jurisdiction, the administrative judge found that certain of the appellant's alleged disclosures were protected, *Bishop v. Department of Homeland Security*, MSPB Docket No. NY 1221-09-0209-W-1, Initial Decision at 11, and that they were contributing factors in the agency's decision to terminate him, *id.* at 12, but that the agency proved by clear and convincing evidence that it would have terminated the

_____

[4] The initial decision became the Board's final decision when neither party filed a petition for review.

[5] The appellant also alleged in that appeal that the agency denied him on-the-job training in retaliation for his whistleblowing.

appellant in the absence of his disclosures, *id.* at 12-13. In denying the appellant's request for corrective action, *id.* at 2, 14, the administrative judge rendered a judgment on the merits of the appellant's claim that he was terminated due to his whistleblowing, and that judgment became a final judgment when the Board denied the appellant's petition for review of the initial decision. As such, all three criteria for applying the doctrine of res judicata are therefore met, *see Inman*, 115 M.S.P.R. 41, ¶ 13, and we conclude that the administrative judge properly dismissed this appeal on that basis.[6]

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you

---

[6] With his petition, the appellant has submitted a Standard Form 50 (SF-50), "approved" on August 3, 2011, correcting certain items on the SF-50 effecting his August 20, 2007 termination, a letter from the State of New Jersey, Department of Labor and Workforce Development, in which the date has been redacted, indicating receipt of the appellant's request for unemployment compensation, and several documents that appear to show that he received such compensation from the state. PFR File, Tab 1 at 10-15. Because the appellant has failed to show that these documents are new or material, we have not considered them. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980); *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980).

may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                         _____
                                       William D. Spencer
                                       Clerk of the Board

Washington, D.C.