Petitioner, in this civilian pay case, seeks review under the Civil Service Reform Act of 1978 ("Act”), 5 U.S.C. § 7703 (Supp. Ill 1979), of an adverse decision of the Merit Systems Protection Board ("Board”) upholding his discharge by the United States General Services Administration. The government has moved to dismiss the petition as untimely. We agree with the government and dismiss the petition.
The Act provides:
Notwithstanding any other provision of law, any petition for review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board. [5 U.S.C. § 7703(b)(1)]
Plaintiff received notice of the adverse Board decision on September 30, 1980. On Tuesday, October 28, two days before the 30-day period expired, petitioner mailed his petition by certified mail from California. The petition was received and filed by us on November 3, 1980, four days after the 30-day period expired.
In Section 7703(b)(1) Congress not only provided an unusually short time within which to seek review of Board decisions, but made it clear that compliance with that requirement is mandatory. It provided that any petition for review "must” be filed within 30 days after receipt of notice of the Board decision and that this requirement must be followed "[notwithstanding any other provision of law.” By *795 waiting until two days before the 30-day period expired to mail his petition, the petitioner assumed the risk that the petition would not be filed on time. The petition was not filed until the 34th day, and under the Act it was untimely. Coleman v. Department of the Navy, 227 Ct. Cl. 536 (1981). In so holding, we express no opinion on whether the result would be different if the petition to review had been properly mailed well in advance of the due date (see Rule 21(b)(iii)) or if the late filing resulted from a cause other than delay in delivery of the mail.
The defendant’s motion to dismiss is granted and the petition is dismissed.