**Jacinto S. PINAT, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

**No. 90–3318.**

United States Court of Appeals, Federal Circuit.

April 29, 1991.

---

Before LOURIE, CLEVENGER, and RADER, Circuit Judges.

LOURIE, Circuit Judge.

This case is an appeal from the February 8, 1990, order of the Merit Systems Protection Board, Docket No. SE08318810488, denying petitioner's request to review the Board's November 16, 1988, decision. 43 M.S.P.R. 618. We dismiss petitioner's appeal as untimely.

## BACKGROUND

On November 16, 1988, the Board affirmed the denial by the Office of Personnel Management of petitioner's application for a civil service retirement annuity on the basis that petitioner did not meet the five-year creditable civilian service requirement of 5 U.S.C. § 8333(a) (1988). Its decision became final on December 21st, the time for filing a petition for review having expired on that date.

On May 25, 1989, petitioner requested an extension until August 30th to file a petition for review. The Board denied the request on June 6th for failure by petitioner to justify the delay in requesting an extension of time. On August 29th, petitioner requested reconsideration of the denial. The Board denied the request on September 20th because there was again no justification for the delay.

Petitioner finally filed the petition on October 11th and requested additional time to supplement it. On February 8, 1990, the Board denied the petition because it failed to meet the criteria set forth in 5 C.F.R. § 1201.115 (1990) [1] and denied the request for additional time because petitioner failed to show good cause. The Board did not address the timeliness of the petition or review its decision on the application for an annuity. It notified petitioner of his right of appeal and that, under 5 U.S.C. § 7703(b)(1) (1988), he must file his appeal

Rafael I. Belarmino, Loreto, Surigao Del Note, Philippines, submitted for petitioner.

Donald E. Kinner, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted for respondent. With him on the brief, were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director and Mary Mitchelson, Asst. Director.

1. This section provides in pertinent part:
 The Board ... may grant a petition for review when it is established that:
 (1) New and material evidence is available that, despite due diligence, was not available when the record closed; or

 (2) The decision of the judge is based on an erroneous interpretation of statute or regulation.
 5 C.F.R. § 1201.115(c).

with this court within 30 days of receipt of the decision.

## DISCUSSION

We dismiss this appeal as untimely. The statutory provision relating to filing an appeal with this court, 5 U.S.C. 7703(b)(1), states:

Notwithstanding any other provision of law, any petition for review [*i.e.*, appeal to this court] *must* be filed within 30 days after the date the petitioner received notice of the final order or decision of the Board.

(Emphasis added).

The government argues that return receipts indicate that petitioner received the Board's final decision on either February 25th or February 27th and that petitioner did not file his appeal with this court until April 10th. The return receipts for these dates, purporting to contain signatures of petitioner and his attorney, are present in the record. Both receipts are date-stamped February 27th. Petitioner does not rebut this evidence and in fact his lawyer concedes receipt on February 28th. Therefore, an appeal filed on April 10 was not timely.

Petitioner's "request for review" is dated March 17th, he and his attorney having signed it in the presence of a notary public on that day. He argues that the thirty-day requirement cannot be applied to claimants in the Philippines, where there are "disastrous typhoons" and rough seas.

 Unfortunately for petitioner, the law is against him. The statute requires filing within thirty days of receipt of the Board's decision, and Federal Rule of Appellate Procedure 25(a) deems filing to occur when the required papers are received by the clerk of the court. Thus, an appeal is filed when it is received at the court, not when it was signed by an appellant. *Miller v. United States Postal Service*, 685 F.2d 148, 149–50 (5th Cir.1982); *Reeves v. Department of the Army*, 228 Ct.Cl. 811, 812 (1981) (petition for review of a Board

decision was mailed within the thirty-day statutory period, but received on the thirty-first day; appeal was dismissed as untimely); Fed.R.App.P. 15(a), 25(a); P. Broida, *A Guide to Merit Systems Protection Board Law & Practice*, 1706 (1990).

 We do not normally have the authority to waive a statutory deadline.[2] *See Monzo v. Dept. of Transp., Federal Aviation Admin.*, 735 F.2d 1335, 1336 (Fed.Cir. 1984). Petitioner's filing was therefore at least nine days late and his appeal must be dismissed for not complying with the statutory deadline. *See Ramos v. United States*, 683 F.2d 396, 399, 231 Ct.Cl. 216 (1982); *Reeves*, 228 Ct.Cl. at 812; *Jenkins v. United States*, 228 Ct.Cl. 794, 795 (1981).

## CONCLUSION

Petitioner filed his appeal with this court after the statutory deadline; we therefore dismiss his appeal.

DISMISSED.

---

**2.** This is not a case in which the doctrine of equitable tolling applies. *See Irwin v. Veterans*

*Admin.*, —— U.S. ——, 111 S.Ct. 805, 112 L.Ed.2d 865 (1990).