# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TED P. HUGHES,
                 Appellant,

v.

OFFICE OF PERSONNEL
   MANAGEMENT,
                 Agency.

DOCKET NUMBER
DA-831M-14-0483-I-1

DATE: March 17, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ted P. Hughes</u>, Haughton, Louisiana, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his request to waive the overpayment of his retirement annuity. Generally, we grant petitions such as this one only when: the initial decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    The appellant retired from federal service under the Civil Service Retirement System (CSRS) on July 13, 1998. Initial Appeal File (IAF), Tab 5 at 33-34. After his spouse's death, he remarried on June 30, 2012. *Id.* at 24-25, 31-32. On August 12, 2012, he sent to OPM a letter informing the agency of his remarriage and his intention to provide a survivor annuity for his new spouse. IAF, Tab 3, Subtab 1 at 1. He also requested post-retirement election forms. *Id.* When he did not receive a response, he sent another letter to OPM reiterating his request for election forms. *Id.* at 2. OPM sent a letter to the appellant requesting a copy of his marriage certificate. *Id.* at 4. He provided the requested marriage certificate and again requested post-retirement election forms. *Id.* at 3; IAF, Tab 5 at 24-25. OPM notified the appellant that his initial request for survivor benefits was received on August 15, 2012, so his election for a survivor benefit and the reduction to provide for the benefit was effective on April 1, 2013. IAF, Tab 3, Subtab 1 at 5-6. OPM also sent him a survivor annuity election for a spouse form. *See id.* at 6. The appellant submitted the survivor annuity election form and elected the maximum possible survivor annuity for his spouse. *Id.* at 9.

¶3        In an initial decision, OPM approved the appellant's application to elect a reduced annuity to provide a survivor annuity benefit for his spouse.  *Id.* at 7-8.  OPM found that his retirement annuity should have been reduced effective April 1, 2013, but was not until March 1, 2014, so his annuity was overpaid by $6,140.  *Id.* at 7.  OPM also informed him that it would begin withholding the overpayment from his annuity.  *Id.*  The appellant requested reconsideration of the initial decision, arguing that the overpayment was not his fault because he made three requests for election forms, but did not receive them until February 7, 2014.  *Id.* at 10-11.  OPM affirmed its initial decision and set the collection schedule to 61 monthly installments of $100, with a final installment of $40.  *Id.* at 12-14.  The appellant appealed OPM's reconsideration decision to the Board without requesting a hearing.  IAF, Tab 1.

¶4        In an initial decision based on the written record, the administrative judge affirmed OPM's reconsideration decision.  IAF, Tab 12, Initial Decision (ID) at 1, 8.  The administrative judge found that OPM proved the existence of the $6,140 overpayment.  ID at 4-6.  The administrative judge also found that the appellant did not prove by substantial evidence that he is entitled to a waiver of the overpayment.  ID at 6-7.  Finally, the administrative judge found that the appellant is not entitled to an adjustment of the payment schedule.  ID at 7-8.

¶5        The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  OPM has filed a response in opposition.  PFR File, Tab 4.  The appellant has filed a reply to OPM's response.  PFR File, Tab 5.

¶6        In his petition for review, the appellant does not dispute the administrative judge's findings regarding the existence and amount of the overpayment, or the set payment schedule.  *See* ID at 4-8.  Instead, he contends that he is entitled to a waiver of the overpayment because he is without fault in creating it and recovery would be against equity and good conscience.  PFR File, Tab 1 at 2-5, Tab 5 at 1-4; *see* 5 U.S.C. § 8346(b); *Carroll v. Office of Personnel Management*, 114 M.S.P.R. 310, ¶ 11 (2010); 5 C.F.R. § 831.1401.  The administrative judge

recognized that OPM conceded that the appellant is without fault in creating the overpayment. ID at 6. Thus, the only issue on review is whether the appellant proved by substantial evidence[2] that recovery of the overpayment would be against equity and good conscience. Recovery is against equity and good conscience when: (1) it would cause financial hardship; (2) the annuitant can show that, because of the overpayment, he relinquished a valuable right or changed positions for the worse; or (3) recovery could be unconscionable under the circumstances. *Carroll*, 114 M.S.P.R. 310, ¶ 11; 5 C.F.R. § 831.1403(a).

¶7      The appellant argues that under OPM's policy guidelines, the fact that OPM's administrative errors caused the overpayment demonstrates the unconscionability of recovering the overpayment. PFR File, Tab 1 at 2-5, Tab 5 at 1-4. Specifically, the appellant cites to the May 1995 version of OPM's *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and the Federal Employees' Retirement System*, Section (I)(C)(3)(a), to argue that recovery would be against equity and good conscience because "[t]he overpayments were caused solely by an OPM (or other Government agency) administrative error." PFR File, Tab 1 at 4-5, 11-14, Tab 5 at 2-4, 9-12; *see* IAF, Tab 5 at 35-69. However, this section pertains to blanket waivers, which are defined as when "[a] group of overpayment debts may be waived en masse under certain circumstances." IAF, Tab 5 at 41; *see id.* at 45-46. Because the appellant does not allege that he is a part of a group of overpayment recipients, this section of OPM's policy guidelines do not apply to him. *See* IAF, Tab 5 at 45-46.

---

[2] An appellant bears the burden of proving by substantial evidence that he is eligible for a waiver of the collection of an overpayment of retirement annuity benefits. *Taylor v. Office of Personnel Management*, 87 M.S.P.R. 214, ¶ 17 (2000); 5 C.F.R. § 831.1407(b). Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable people might disagree. 5 C.F.R. § 1201.56(c)(1). It is a lower standard than preponderant evidence. *Id.*

¶8      The appellant further asserts that recovery would be unconscionable because he has been "dealing with OPM on this matter since August 12, 2012, almost two and one half years." PFR File, Tab 5 at 4. Although the unconscionability of collection is a basis to waive recovery of an overpayment, it is a high standard that will only be granted under exceptional circumstances. *Taylor*, 87 M.S.P.R. 214, ¶ 18. Those circumstances may include, but are not limited to, cases where: (1) there has been an exceptionally lengthy delay by OPM in adjusting an annuity; (2) OPM failed to respond within a reasonable length of time to an annuitant's inquiries regarding an overpayment; (3) OPM failed to act expeditiously to adjust an annuity in the face of specific notice; and/or (4) where OPM is otherwise grossly negligent in handling the case. *Id.* The Board has previously held that a nearly 2-year delay between the date an appellant first became eligible to receive social security benefits and the date that OPM adjusted his civil service annuity to reflect that eligibility did not establish unconscionable circumstances warranting a waiver under 5 C.F.R. § 831.1403(a)(3). *See, e.g.*, *Harris v. Office of Personnel Management*, 43 M.S.P.R. 387, 390, *aff'd*, 907 F.2d 158 (Fed. Cir. 1990) (Table). In this case, the appellant similarly faced a 1 year and 7 month delay between his August 12, 2012 request for post-retirement election forms and March 1, 2014, the date OPM started reducing his annuity to provide for the survivor benefit. *See* IAF, Tab 3, Subtab 1 at 1, 7-8, 12-14. Accordingly, we find that the appellant did not face an exceptionally lengthy delay demonstrating unconscionable circumstances warranting a waiver.

¶9      In conclusion, we find that the appellant has not provided a reason to disturb the administrative judge's decision affirming OPM's denial of the appellant's request to waive the overpayment of his annuity.[3]

---

[3] The appellant's claim that OPM's pleadings on review do not comply with the Board's criteria because they are not signed and dated lacks merit. *See* PFR File, Tab 5 at 1. The agency representative registered as an e-filer and the Board's regulations state that

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of

---

electronic documents submitted through the Board's online e-Appeal system are deemed to be signed, if required by a Board regulation, and have the same filing date as the date of electronic submission.  5 C.F.R. §§ 1201.14(k), 1201.14(m)(1).  Additionally, the Board's regulations do not require certificates of service to be signed.  5 C.F.R. § 1201.26(b)(2).

attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.