**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| FREDERICK JACOB ROLL,<br>          Appellant, | DOCKET NUMBER<br>AT-0752-14-0612-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>     AFFAIRS,<br>          Agency. | DATE: July 28, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Frederick Jacob Roll, Fort White, Florida, pro se.

Dana C. Heck, Esquire, St. Petersburg, Florida, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant retired from his position with the agency effective January 28, 2012. Initial Appeal File (IAF), Tab 6, Subtab 4c. The Standard Form 50 effecting the appellant's retirement reflects that he was placed in the Civil Service Retirement System (CSRS) Offset, a version of CSRS for employees whose Federal service is subject to deductions for both CSRS and the Old Age, Survivors and Disability Insurance program under the Social Security Act, 42 U.S.C. § 401 et seq. *See id*.; *see also* 5 U.S.C. § 8349; *Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 2 (2011) (explaining the nature of CSRS Offset), *aff'd*, 493 F. App'x 105 (Fed. Cir. 2013). Prior to retiring, the appellant received two CSRS benefit estimate reports from the agency that projected his future retirement annuities. IAF, Tab 6, Subtabs 4d-4e. The later CSRS benefit estimate report is dated 5 days prior to the effective date of the appellant's retirement, and it projected that his gross monthly annuity would be $2,594.03. IAF, Tab 6, Subtab 4d.

¶3      Subsequent to retiring, however, the Office of Personnel Management (OPM) informed the appellant that his gross monthly annuity would be offset by an additional $215.00, which represented the monthly social security benefit he

would receive.  IAF, Tab 1.  The appellant objected to the offset and raised his concerns with several government agencies and officials, and he ultimately filed an appeal with the Board raising an involuntary retirement claim based on agency misinformation.[2]  *Id.*  Following a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to establish that, under the totality of the circumstances, he relied on agency misinformation to his detriment.  IAF, Tab 25, Initial Decision (ID).  In reaching his decision, the administrative judge conducted a detailed credibility assessment of each witness, and based on these findings, he found that the agency provided the appellant with both CSRS benefit estimate reports which, although omitting information about his social security offset, emphasized that they were estimates and not intended to represent actual retirement annuity amounts.  ID at 6-7; *see* IAF, Tab 6, Subtabs 4d-4e.  The administrative judge thus found that the agency did not provide the appellant misinformation upon which he detrimentally relied in making his decision to retire.  ID at 17.

¶4    The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  On review, he argues that, had he known his retirement annuity would be subject to an offset, he would not have retired, and he argues that an agency representative misrepresented to him that his retirement annuity would not be subject to an offset.  *Id*. at 3.  The agency has filed a response in opposition to the petition for review.  PFR File, Tab 3.

¶5    It is well settled that retirements and resignations are presumed to be voluntary actions and thus outside of the Board's appellate jurisdiction.  A forced retirement or resignation, however, is tantamount to a removal that is appealable to the Board.  *See Aldridge v. Department of Agriculture*, 111 M.S.P.R. 670, ¶ 7

---

[2] The appellant has a related individual right of action appeal pending with the Board on petition for review.  *See Roll v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-14-0613-W-1.  Only the appellant's involuntary retirement allegations will be addressed herein.

(2009). An appellant must show by preponderant evidence that a retirement or resignation was involuntary and thus within the Board's jurisdiction. *Id*.; *see Shoaf v. Department of Agriculture*, 260 F.3d 1336, 1341 (Fed. Cir. 2001). To overcome the presumption of voluntariness which normally attaches to a retirement or resignation, an appellant must show that his decision to retire or resign was the result of agency misrepresentation, coercion, or duress. *See Salazar v. Department of the Army*, 115 M.S.P.R. 296, ¶ 9 (2010). Where, as here, the appellant claims that his decision to retire was the result of agency misinformation, he must show: (1) that the agency made misleading statements; and (2) that he reasonably relied on the misinformation to his detriment. *Id*. An appellant, however, need not show that the agency intentionally misled him, and an agency is required to provide accurate information to permit an employee to make an informed, and thus voluntary, decision regarding his retirement or resignation. *Id*.

¶6      We have reviewed the initial decision and agree with the administrative judge that the appellant has failed to show that his retirement was involuntary because of agency misinformation. First, to the extent the appellant challenges the administrative judge's credibility determinations, such determinations are entitled to a high degree of deference, and we find no basis in the record to differ with these detailed and thorough credibility assessments. *See Hudlin v. Office of Personnel Management*, 119 M.S.P.R. 61, ¶ 15 (2012); *Garrison v. Department of the Navy*, 88 M.S.P.R. 389, ¶ 5 (2001); ID at 11-17.

¶7      We also agree with the administrative judge that the appellant has failed to establish that he reasonably relied on agency misinformation to his detriment in making his decision to retire. The appellant has failed to establish that, under the totality of the circumstances, a reasonable person would have relied on a projected monthly retirement annuity where that projection is presented on a report entitled "CSRS Benefit Estimate Report," which contains an express disclaimer noting that it is not a final calculation and that OPM has the final

authority to determine an employee's retirement annuity. *See* IAF, Tab 6, Subtab 4d; ID at 6-7. Additionally, we find no evidence in the record that the agency knew that the appellant was operating under a misapprehension based upon the agency's omission of information that would have required the agency to affirmatively correct his misunderstanding. *See Johnson v. U.S. Postal Service*, 66 M.S.P.R. 620, 628 (1995).

¶8      Upon considering the appellant's arguments on review, we further find that his primary focus is on the propriety of the social security offset itself. *See* PFR File, Tab 1 at 3-6. The offset challenged by the appellant, however, is mandated by statute. *See* 5 U.S.C. § 8349. The appellant's retirement annuity, therefore, would have been subject to a social security offset regardless of when he retired, and the amount he ultimately received would have been the same under either CSRS or CSRS Offset. *See generally id.*; 5 C.F.R. § 831 Subpart J; *see also Wible v. Department of the Army*, 120 M.S.P.R. 333, ¶ 6 (2013) (explaining CSRS and CSRS Offset formulas). We therefore find this appeal distinguishable from those instances where an employee demonstrates that he decided to retire based on an erroneous retirement estimate that had a demonstrable and detrimental financial impact to the employee which would not have occurred in the absence of the misinformation. *See Salazar*, 115 M.S.P.R. 296, ¶¶ 10-11 & n.2. In such cases, an employee can clearly demonstrate how his decision to retire based on misinformation had a negative impact on his financial interests. *Id.* (explaining that the appellant lost 7 years' creditable service toward his retirement based on agency misinformation). Here, by contrast, because the appellant's retirement annuity would have been offset regardless of when he retired, we conclude that he has not demonstrated any detrimental reliance on misinformation which resulted in a financial impact that would not have resulted, had the offset amount been included in the benefit estimate report. *See id.*; *cf. Hunter v. Office of Personnel Management*, 109 M.S.P.R. 514, ¶ 13 (2008) (finding that detrimental reliance was established where an employee retired early and lost 2 years of creditable

service), *aff'd*, No. 2008-3354, 2009 WL 174169 (Fed. Cir. Jan. 27, 2009); *Stanlonis v. U.S. Postal Service*, 71 M.S.P.R. 410, 417 (1996) (finding no detrimental reliance on information within an agency's reorganization memorandum), *aff'd*, 113 F.3d 1255 (Fed. Cir. 1997) (Table).

¶9      The administrative judge's jurisdictional dismissal of the appellant's involuntary retirement appeal based upon agency misinformation is accordingly affirmed.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide

for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.