**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2015 MSPB 62**

Docket No. DC-1221-14-0802-W-1

**Jeffrey Hawker,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

December 10, 2015

Nina Ren, Esquire, Washington, D.C., for the appellant.

Jeffrey James Hatch, Roanoke, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, FIND that the Office of Special Counsel (OSC) has reopened its investigation of the appellant's whistleblower reprisal complaint, VACATE the initial decision, and DISMISS the appeal without prejudice to refiling under the terms set forth below.

## BACKGROUND

¶2      The appellant was employed as a Physician at the agency's Salem, Virginia Medical Center under the authority of 38 U.S.C. § 7401(1), subject to a 2-year probationary period.  Initial Appeal File (IAF), Tab 1 at 10.  By letter dated December 16, 2013, the agency informed the appellant that he would be separated during his probationary period due to alleged substandard care and professional incompetence.  *Id.*  On February 25, 2014, the appellant filed a whistleblower reprisal complaint with OSC alleging that his employment was terminated in retaliation for his prior protected disclosures regarding patient care issues.  *Id.* at 12-24.  On April 26, 2014, OSC issued a close-out letter notifying the appellant of his right to seek corrective action from the Board.  *Id.* at 25.  On June 15, 2014, the appellant filed a timely IRA appeal with the Board.[1]  *Id.* at 5, 17-18.

¶3      The administrative judge issued an order informing the appellant that, to establish Board jurisdiction over an IRA appeal, he had to demonstrate that he had exhausted his reprisal claims before OSC and make nonfrivolous allegations that (1) he engaged in whistleblowing by making a protected disclosure or engaged in other protected activity, and (2) the disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action.  IAF, Tab 3 at 2.  The appellant did not respond to the order.  Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction, finding that the

---

[1] The appellant also checked the box on his appeal form indicating that he was appealing his termination, but, on review, does not argue that the Board has jurisdiction over his termination as an independently appealable action.  IAF, Tab 1 at 4.  We note that, as a Department of Veterans Affairs Physician appointed under 38 U.S.C. § 7401(1), the appellant cannot appeal his termination directly to the Board.  *See* 5 U.S.C. § 7511(b)(10); *Evans v. Department of Veterans Affairs*, 119 M.S.P.R. 257, ¶ 6 (2013).  He can, however, bring this IRA appeal, in which the only issue is whether his termination was retaliatory.  *See* 5 U.S.C. §§ 1221, 2105(f); *Harding v. Department of Veterans Affairs*, 448 F.3d 1373, 1377 (Fed. Cir. 2006).

appellant failed to nonfrivolously allege the basic facts necessary to establish his IRA claim.  IAF, Tab 8, Initial Decision (ID).

¶4		The appellant has filed a petition for review in which he asserts that, prior to the issuance of the initial decision, OSC had reopened its investigation of his claims.  Petition for Review (PFR) File, Tab 3 at 12, 33.  Because the record did not contain any correspondence from OSC informing the appellant that it would reconsider its original April 16, 2014 close-out determination, the Board issued a show cause order directing the appellant to submit evidence that OSC had reopened his case.  PFR File, Tab 5.  In response, the appellant provided a letter from OSC confirming that it had reopened its investigation following the appellant's October 31, 2014 request for reconsideration.  PFR File, Tab 7 at 7.  On review, the appellant requests that the Board vacate the initial decision and dismiss the appeal without prejudice to refiling within 65 days of OSC's closure of its investigation.  PFR File, Tab 3 at 17.  The agency has not responded to the appellant's petition.

## ANALYSIS

¶5		Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust his administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal.  *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011).  An appellant filing an IRA appeal has not exhausted his OSC remedy unless he has filed a complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he sought corrective action.  5 U.S.C. § 1214(a)(3); *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010); 5 C.F.R. § 1209.5(a).

¶6		Here, OSC initially issued a close-out letter on April 16, 2014, notifying the appellant of his right to seek corrective action from the Board.  IAF, Tab 1 at 25.  The appellant filed a timely Board appeal on June 15, 2014.  *Id.* at 2-3.  On

or about October 31, 2014, while the appeal was pending before the administrative judge, the appellant requested reconsideration from OSC, and OSC granted his request. PFR File, Tab 3 at 111, Tab 7 at 7. The exact date OSC reopened its investigation is not clear from the record, but the appellant averred that he was aware of the reopening before his deployment on January 4, 2015. PFR File, Tab 3 at 33. Apparently unaware that OSC had reopened the appellant's case, the administrative judge issued an initial decision dismissing the appeal on January 26, 2015. ID at 1, 5.

¶7        The Board has held that a decision by OSC to reopen its investigation deprives its initial close-out determination of the requisite finality needed before an appellant can file an IRA appeal with the Board pursuant to 5 U.S.C. § 1214(a)(3)(A). *Morrison v. Department of the Army*, 77 M.S.P.R. 655, 659-62 (1998). In *Morrison*, the Board held that, as a result of OSC's reopening of its investigation during the limitations period, the appellant could file her IRA appeal within 65 days after any new close-out letter from OSC or, in the absence of a final OSC determination, at any time following 120 days from having sought further corrective action. *Id.* at 661-62. In so holding, the Board found that nothing in the Whistleblower Protection Act (WPA) or its legislative history prevented OSC from reconsidering matters after issuing its close-out letter and equated the requirement in 5 U.S.C. § 1214(a)(3)(A)(i) that OSC provide notice that its investigation "has been terminated" with the finality requirement for purposes of seeking appellate review.[2] *Id.* at 660-61. Although *Morrison* involved the timeliness of the appellant's Board appeal, whereas here the appellant filed a timely appeal and OSC subsequently reopened its investigation after the limitations period, we nonetheless find the reasoning in *Morrison* applicable here. Significantly, the Board in *Morrison* noted that the legislative

---

[2] Nothing in the statutory amendments of the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465, alters the Board's previous analysis.

history of the WPA reflected Congress's intent that OSC be allowed time to settle cases informally and take an active role in pursuing complaints on behalf of complaining individuals. *Morrison*, 77 M.S.P.R. at 661 (citing S. Rep. No. 413, 100th Cong., 2d Sess. 19 (1988)).

¶8      More than 120 days have passed since OSC reopened the appellant's case, and there is no question that, pursuant to 5 U.S.C. § 1214(a)(3)(B), he could now seek corrective action from the Board even absent a final decision from OSC.[3] Generally, the Board's practice is to adjudicate an appeal that was premature when filed but becomes ripe while pending before the Board. *See, e.g.*, *Jundt v. Department of Veterans Affairs*, 113 M.S.P.R. 688, ¶ 7 (2010) (forwarding an IRA appeal that became ripe while pending on petition for review). However, under the unique circumstances of this case, we find that it is not appropriate to forward the case to the regional office for further adjudication in light of the appellant's request to pursue his Board appeal following OSC's closure of its investigation. PFR File, Tab 3 at 16-17. Accordingly, we dismiss the appeal without prejudice to refiling with the regional office subject to the following requirements.[4]

---

[3] Because 120 days now have passed since OSC granted the appellant's request for reconsideration, we need not decide whether the appellant was required to re-exhaust his administrative remedies by waiting 120 days following OSC's reopening of its investigation before filing an IRA appeal with the Board. *Cf. Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶¶ 14-18 (2013) (finding that merely filing a request for reconsideration with OSC did not create an additional administrative exhaustion, and so, absent any evidence that OSC granted the appellant's request for reconsideration, the appellant was not required to wait for a response from OSC on his reconsideration request, or if he did not receive a response, wait at least 120 days after requesting reconsideration before filing his IRA appeal with the Board). Even if the reopening triggered a new 120-day waiting period under 5 U.S.C. § 1214(a)(3)(B), that time has passed.

[4] Upon refiling, the administrative judge may incorporate portions of the record from this appeal, but in any event shall afford the parties a new opportunity to develop the record on all issues. In this regard, we note that the initial decision incorrectly states that there must be an "element of blatancy" to qualify activity as "gross

¶9    This is the final decision of the Merit Systems Protection Board in this (MSPB Docket No. DC-1221-14-0802-W-1) appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## ORDER

¶10    The appeal is dismissed without prejudice. Because the 120-day period in 5 U.S.C. § 1214(a)(3)(B) is satisfied here, the appellant may refile his IRA appeal with the regional office at any time, but in any event, not later than 65 days after receiving a new close-out letter from OSC notifying him that it is terminating its investigation or 180 days after issuance of this Opinion and Order, whichever occurs first.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request the U.S. Court of Appeals for the Federal Circuit or any court of

---

mismanagement" under 5 U.S.C. § 2302(b)(8). ID at 5; *see White v. Department of the Air Force*, 391 F.3d 1377, 1383 (Fed. Cir. 2004).

appeals of competent jurisdiction to review this final decision. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____
William D. Spencer
Clerk of the Board
Washington, D.C.