# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| VICTORIA CALHOUN,[1]<br>    Appellant,<br><br>   v.<br><br>DEPARTMENT OF THE ARMY,<br>    Agency. | DOCKET NUMBER<br>PH-0752-13-5389-I-1<br><br><br>DATE: April 19, 2016 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Ruth Ann Azeredo</u>, Esquire, Annapolis, Maryland, for the appellant.

<u>Laurie Ann Kwiedorowicz</u>, Esquire, Fort Meade, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed her furlough from employment due to sequestration. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Army Cyber Command v. Department of the Army*, MSPB Docket No. PH-0752-14-0801-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The agency furloughed the appellant from her position as a Doctrine Development Analyst for 6 days following the President's March 1, 2013 sequester order. Initial Appeal File (IAF), Tab 5 at 24. The appellant timely filed an appeal of her furlough, and, after withdrawing her request for a hearing, the administrative judge issued an initial decision sustaining the furlough action. IAF, Tab 25, Initial Decision (ID). In his initial decision, the administrative judge found that the agency established that its action promoted the efficiency of the service and that the appellant failed to establish that the agency committed either a due process violation or harmful procedural error in effecting the furlough. ID at 5-11. Specifically, the administrative judge rejected the appellant's arguments that the agency improperly delegated the deciding official's responsibilities to the agency official who imposed the appellant's furlough. ID at 8-11.

¶3 The appellant has filed a petition for review primarily challenging the administrative judge's due process and harmful error analysis. Petition for Review (PFR) File, Tab 1 at 10-17. On review, the appellant renews her

argument that the agency erred in delegating the responsibilities of the deciding official to an individual other than the local installation commander who oversaw the appellant's work unit. *Id*. at 12-13. She further argues that, even if the agency could delegate the deciding official's responsibilities, the individual who served as the deciding official was not qualified to serve in that role. *Id*. at 14-16. The appellant also asserts that the deciding official erred in utilizing an oral reply official to hear her response to the proposed furlough and that he did not receive a summary of her oral reply prior to issuing the decision letter. *Id*. at 20-24. The agency has filed a response in opposition arguing that it properly delegated the deciding official's responsibilities pursuant to the Secretary of Defense's May 2013 guidance on implementing furloughs and that the deciding official considered the appellant's written response prior to issuing a letter of decision, and thus did not commit a due process violation. PFR File, Tab 3 at 6-10, 12.

¶4        An agency meets its burden of proving a furlough promotes the efficiency of the service by showing, in general, that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *In re Tinker AFSC/DP v. Department of the Air Force*, 121 M.S.P.R. 385, ¶ 14 (2014). A "fair and even manner" means that the agency applied the adverse action furlough uniformly and consistently. *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 8 (2013). Proving that the furlough was imposed in such a manner, however, does not mean that the agency must satisfy the Board's sense of equity. *Id*. Rather, the agency must show that it treated similar employees similarly, and it must justify any deviations with legitimate management reasons. *Id*. The Board, moreover, has held that the efficiency of the service standard for a furlough action does not encompass agency spending decisions per se and that the efficiency of the service must be judged from the viewpoint of the Department of Defense (DOD), and not from the individual

military departments under its authority. *See Yee v. Department of the Navy*, 121 M.S.P.R. 686, ¶¶ 13-14 (2014); *Gajdos v. Department of the Army*, 121 M.S.P.R. 361, ¶ 11 (2014).

¶5 We concur with the administrative judge that the agency established its need to furlough the appellant due to sequestration. ID at 4-5. The administrative judge found it undisputed that the agency suffered a budget shortfall following sequestration, and he rejected the appellant's arguments that her furlough could have been avoided if the agency adopted some of her proposals to save and reallocate money. ID at 5. We agree with the administrative judge that the appellant's budget proposals focus on the agency's individual spending decisions and are beyond the scope of the Board's review in a furlough appeal. *See Einboden v. Department of the Navy*, 802 F.3d 1321, 1325 (Fed. Cir. 2015). The appellant has not specifically challenged the remainder of the administrative judge's initial decision sustaining the furlough, and we find no reason to differ with his well-reasoned findings in this regard. *See Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 5 (2015) (declining to revisit the administrative judge's initial decision sustaining a furlough absent specific arguments concerning the legitimacy of the action).

¶6 We similarly agree with the administrative judge that the appellant did not establish that the agency committed either a due process violation or a harmful procedural error in effecting the appellant's furlough. Due process is a flexible concept that calls for such procedural protections as the particular situation demands. *See Rodgers v. Department of the Navy*, 122 M.S.P.R. 559, ¶ 6 (2015); *Gajdos*, 121 M.S.P.R. 361, ¶ 18. In circumstances similar to the present appeal, the Board has found that the dictates of due process are satisfied where the employee receives advanced notice of the proposed furlough and an opportunity to respond. *See Rodgers*, 122 M.S.P.R. 559, ¶ 6. Here, the appellant received such notice and had an opportunity both to present an oral reply and to submit a

written response.[3] IAF, Tab 5 at 19-20; Tab 24. The deciding official, moreover, averred that he had the authority to determine whether the appellant should be furloughed, or whether she met one of the criteria for an exemption. *E.g.*, IAF, Tab 22 at 26-27. We agree with the administrative judge that the process employed by the agency is consistent with these basic tenets of due process.[4] *See Rodgers*, 122 M.S.P.R. 559, ¶¶ 7-9; *Ronso*, 122 M.S.P.R. 391, ¶ 13.

¶7 The appellant's assertions of harmful procedural error also are unavailing. The Secretary of Defense issued a memorandum in May 2013 outlining the parameters to be used in selecting deciding officials for adjudicating the proposed furloughs. *See* Department of the Army Administrative Record for FY2013 Furlough Appeals (Master Administrative Record), Tab 7, *available at* http://www.mspb.gov/furloughappeals/army2013.htm. This guidance provided in relevant part that the "designated Deciding Official will be no lower than a local Installation Commander, senior civilian or equivalent who would be in the best position to determine the fair and equitable application of the furlough. Deciding Official responsibilities may not be further delegated." *Id*. Pursuant to this instruction, Lieutenant General R.H. was identified as the deciding official for the appellant's work unit. *See Army Cyber Command v. Department of the Army*, MSPB Docket No. PH-0752-14-0801-I-1, Consolidation Appeal File, Tab 5 at 113. Lieutenant General R.H. in turn delegated Colonel S.S. to serve as the deciding official, and Colonel S.S. issued the decision letter imposing the appellant's furlough. *Id*. at 62-64, 113.

---

[3] The appellant's arguments that her oral reply was not considered and that the deciding official should not have utilized a separate oral reply official are discussed *infra* ¶ 10.

[4] The appellant also contends on review that the furlough action does not comport with due process because the deciding official improperly was delegated the responsibility to serve in this role. PFR File, Tab 1 at 16-18. To the extent the appellant is alleging that she was denied a meaningful opportunity to respond based on this delegation of authority, the deciding official possessed sufficient decision-making authority in the context of the furlough to satisfy the appellant's right to due process. *See Rodgers*, 122 M.S.P.R. 559, ¶ 7.

¶8        The appellant argues that the delegation of authority from Lieutenant General R.H. to Colonel S.S. was improper because the Defense Secretary's memorandum specified that deciding official "responsibilities may not be further delegated," and she contends that Lieutenant General R.H. should have served as the deciding official. PFR File, Tab 1 at 12-13. We agree with the administrative judge, however, that the Defense Secretary's memorandum does not limit the number of delegations that can be made, but rather imposes only the level of agency official below which such responsibilities cannot be delegated. ID at 10; Master Administrative Record, Tab 7. We thus agree with the administrative judge that the provision highlighted by the appellant is intended to set the minimum qualifications for the agency officials who can serve as a deciding official. Although this provision, read in isolation, could be construed to limit any additional delegation of authority beyond that made to Lieutenant General R.H., such provisions generally must be read holistically, rather than in isolation. *See, e.g.*, *Garza v. Office of Personnel Management*, 83 M.S.P.R. 336, ¶ 5 (1999), *aff'd*, 250 F.3d 763 (Fed. Cir. 2000) (Table). Reading the delegation of authority provision in its entirety, we find that the limitation identified by the appellant did not preclude Lieutenant General R.H. from delegating the deciding official's responsibilities to Colonel S.S.

¶9        We further find no evidence in the record supporting the appellant's alternative argument that Colonel S.S. fell below the level of employee identified in the Defense Secretary's memorandum as being qualified to serve as a deciding official. PFR File, Tab 1 at 14-15. Rather, guidance issued by the Secretary of the Army explained that a colonel could serve as a deciding official, *see* Master Administrative Record, Tab 9, and the appellant has presented no supporting evidence that the colonel was not a "senior civilian or equivalent who would be in the best position to determine the fair and equitable implementation of the furlough." Although the appellant argues on review that the colonel was not an individual who exercised command under the Army Command Policy, *see* PFR

File, Tab 1 at 15, the Defense Secretary's memorandum contains no such requirement that the deciding official exercise a degree of command, and we decline to read such a limitation into the memorandum. *See* Master Administrative Record, Tab 7. We thus find no merit to the appellant's argument that the agency committed harmful procedural error by delegating Colonel S.S. as the deciding official.[5]

¶10       Finally, we discern no harmful error with the deciding official's use of a delegated oral reply official or the circumstances surrounding his consideration of the appellant's oral response. In *Ronso*, 122 M.S.P.R. 391, ¶¶ 12-16, the Board found the use of a designated oral reply official consistent with agency policy, and we similarly find that the agency's guidance envisioned the use of an oral reply official in this case. *See* Master Administrative Record, Tab 9. Additionally, although the deciding official acknowledged that he did not receive a summary of the appellant's oral reply until after he issued a decision on the proposed furlough, the deciding official averred that he received and considered the appellant's written response prior to issuing his decision letter, which was substantially similar to her oral reply, and that it presented no new information that would have influenced his decision. IAF, Tab 5 at 19-20, Tab 22 at 27. In light of the deciding official's declaration that the oral reply summary would not have altered his decision to furlough the appellant, we cannot find that his delay in considering the oral reply summary amounted to harmful error.[6]

---

[5] Alternatively, even if the delegation of authority to Colonel S.S. to serve as the deciding official was contrary to the Defense Secretary's memorandum, the appellant has presented no evidence that the agency would have reached a different result had a different individual served as the deciding official. *See Canary v. U.S. Postal Service*, 119 M.S.P.R. 310, ¶ 12 (2013) (explaining that harmful error cannot be presumed).

[6] We find these facts distinguishable from *Massey v. Department of the Army*, 120 M.S.P.R. 226, ¶ 5 (2013), where the deciding official issued a decision letter without considering any reply from the appellant. Unlike that case, where the Board found the agency denied the appellant due process based on the deciding official's failure to consider "any response," here, the deciding official considered the appellant's written response prior to issuing his decision letter. IAF, Tab 22 at 27. We cannot find

¶11     Based on the foregoing, the appellant's petition for review is denied, and the administrative judge's initial decision sustaining the furlough action is affirmed.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

---

that the appellant has been denied a meaningful opportunity to be heard under the facts of this case. *See Massey*, 120 M.S.P.R. 226, ¶¶ 8, 10.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.