## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARVIN L. JARMIN,
             Appellant,

          v.

OFFICE OF PERSONNEL
   MANAGEMENT,
             Agency.

DOCKET NUMBER
SF-0831-16-0161-I-1

DATE: August 19, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Marvin L. Jarmin</u>, Mount Vernon, Washington, pro se.

<u>Sarah Murray</u>, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1  The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) denying him service credit for retirement purposes for service he performed with the Army Reserves.  Generally, we grant petitions such as this one only when:  the initial

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      Following a period of nearly 2 years of active duty military service with the U.S. Army, the appellant transferred to the U.S. Army Reserves in North Dakota on December 8, 1955, and was honorably discharged on December 31, 1961. Initial Appeal File (IAF), Tab 4 at 9, 14. In 1965, he began duty with the Department of Agriculture as a civilian employee and remained so employed until his retirement on September 30, 1986, under the Civil Service Retirement System (CSRS). *Id.* at 15; IAF, Tab 1 at 4. In 2012, the appellant began to question why his retirement did not include credit for the time he spent in the reserves, and he sought a correction of his military records. IAF, Tab 4 at 3. The Department of the Army's Board for Correction of Military Records acknowledged a minor error and amended the appellant's records to afford him an additional day of service, but it continued to reflect that his military service ended on December 8, 1955, when he was released from active duty. *Id.* at 11, 13. The appellant then submitted an inquiry to OPM, which advised him that only active military duty time is creditable towards an annuity. *Id.* at 21. OPM subsequently repeated its

position and advised the appellant of his right to request reconsideration. *Id.* at 22. On reconsideration, OPM affirmed its initial decision. *Id.* at 23-24.

¶3        The appellant filed an appeal in which he repeated his claim that his service in the reserves from December 8, 1955, to December 31, 1961, was active duty service and should be included in the computation of his annuity. IAF, Tab 1. He maintained that, during that period, he was routinely "called out" to provide disaster relief services, *id.* at 11, and he again sought correction of his records,[2] *id.* at 12-13.

¶4        In her initial decision, the administrative judge affirmed OPM's reconsideration decision, finding that the appellant did not show that his reserve status from December 8, 1955, through December 31, 1961, is creditable active duty military service under the CSRS. IAF, Tab 8, Initial Decision (ID) at 7-10.[3]

¶5        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which OPM has responded in opposition, PFR File, Tab 5.

¶6        Title 5, U.S. Code, section 8332(c)(1)(A) provides in pertinent part that the service of an individual who, like the appellant, first becomes an employee before October 1, 1982, shall include credit for each period of military service performed before the date of separation on which the entitlement to an annuity is based. *See Dambrava v. Office of Personnel Management*, 466 F.3d 1061, 1063 (Fed. Cir. 2002). "Military service," as is relevant to this appeal, is honorable

---

[2] The appellant declined a hearing. IAF, Tab 1 at 1.

[3] During adjudication, the administrative judge determined to sanction OPM for its repeated failures to respond to her orders or to seek an extension of time in which to do so. IAF, Tabs 2-3, 6. She found that an appropriate sanction ordinarily would be to not consider the evidence in defense of the appeal, although she acknowledged that, because OPM had not submitted any evidence, that sanction would be moot. ID at 6. Finding that the appellant had produced a detailed and comprehensive file related to the matter at issue sufficient to allow her to properly adjudicate the appeal on the merits, the administrative judge concluded that he would not be prejudiced by her issuing the decision in the absence of any information by OPM, and she did so. ID at 6-7. Neither party has challenged this ruling on review, and we discern no basis upon which to disturb it.

active duty service in the armed services. 5 U.S.C. § 8331(13)(A). The CSRS/Federal Employees Retirement System (FERS) Handbook to which the Board defers provides that active military service is duty in the armed services of the United States performed on a full-time basis with military pay and allowances, and contemplates that all of an individual's time and efforts are at the disposal of the military authorities and that he dissociates himself from the performance of civilian employment during the period of military service. CSRS/FERS Handbook (Handbook), Chapter 22A2.1-2D, *available at* https://www.opm.gov/retirement-services/ publications-forms/csrsfers-handbook/; *see Moore v. Department of Veterans Affairs*, 109 M.S.P.R. 386, ¶ 9 (2008). The Handbook further provides that active service in the various reserve components of the branches of the uniformed services is creditable when an individual is called to active duty. Handbook, Chapter 22A2.1-2E.

¶7        Based on our review, we find that the appellant has not shown error in the administrative judge's finding that the appellant failed to establish that his reserve service was active duty service. In fact, he acknowledges that he completed 4 years of college during that period of time, IAF, Tab 1 at 11, such that all of his time and efforts were not at the disposal of the military authorities. He also alleges that he supported the Federal Emergency Management Agency in providing disaster relief. PFR File, Tab 1 at 2. He has, however, submitted no evidence supporting his claim, and, to the extent that he did perform work associated with disaster relief, he has not shown that it was active service. The appellant argues on review that the fact that his Certificate of Discharge from the Armed Services, reflects a date of December 31, 1961, IAF, Tab 1 at 5, demonstrates that he performed active duty service until that date. PFR File, Tab 1 at 2. However, that document does not specify that the service performed was active duty service as contemplated by OPM's laws and regulations. Finally, the appellant contends that OPM had incomplete facts regarding dates for the computation of his annuity when it rendered its decision. *Id*. On the contrary,

OPM relied on the appellant's verified service history as documented in his Official Personnel Folder.  IAF, Tab 1 at 21-25.

¶8	In sum, we conclude that the appellant has not met his burden to show that he is entitled to the benefit he seeks, *Thomas v. Office of Personnel Management*, 107 M.S.P.R. 334, ¶ 15 (2007), and he has not shown error in the administrative judge's decision so finding.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se

Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and <u>Forms</u> 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.