**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CURTIS KIBLER, | DOCKET NUMBER |
| Appellant, | DC-0752-15-0915-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: May 12, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Curtis Kibler, Stafford, Virginia, pro se.

Riva A. Parker, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of his alleged placement on enforced leave and involuntary resignation. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to address the appellant's allegations of retaliation and discrimination, we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant was formerly employed by the agency as a Human Resources Specialist until he resigned, effective May 11, 2015. Initial Appeal File (IAF), Tab 6, Subtab N. On June 29, 2015, he filed a Board appeal alleging that he involuntarily resigned as a result of intolerable working conditions due to discrimination, retaliation, and a hostile work environment.[2] IAF, Tab 1 at 4, 6. The appellant also indicated that he was appealing his placement on enforced leave. *Id.* at 4. The administrative judge issued an order informing the appellant of his burden of establishing Board jurisdiction over his appeal. IAF, Tab 3. In

___

[2] The appellant also indicated he was appealing the denial of a within-grade increase (WIGI), IAF, Tab 1 at 4, and the administrative judge separately docketed that claim as MSPB Docket No. DC-531D-15-0914-I-1. The appellant also alleged claims of whistleblower reprisal; however, the administrative judge instructed him that he needed to exhaust his administrative remedies with the Office of Special Counsel before he could file an individual right of action (IRA) appeal. IAF, Tab 3 at 1-2 n.1. The appellant subsequently filed a separate IRA appeal, which is currently pending before the Board's Washington Regional Office, in which he alleges that the agency issued him a negative performance evaluation, denied his WIGI, and subjected him to a hostile work environment in reprisal for his filing of a grievance. *Kibler v. Department of the Army*, MSPB Docket No. DC-1221-16-0174-W-1.

response, the appellant filed a 300-page submission setting forth the incidents he contends led to his alleged involuntary resignation. IAF, Tab 6.

¶3        The administrative judge construed the appellant's contentions in support of his alleged involuntary resignation as pertaining to three main categories: leave-related issues, performance-related issues, and work-assignment issues. IAF, Tab 9, Initial Decision (ID) at 5. Regarding the leave issues, she found that the appellant alleged that his supervisor required him to request sick leave in a way not required of other employees, denied him leave without pay and annual leave, and compelled him to be absent from work on 1 day. ID at 6-10. Regarding performance issues, she summarized the appellant's allegations to include that his supervisor failed to timely place him on performance standards and issued him an unsupported performance evaluation with numerous errors after he filed a grievance to have his performance rating period extended by 120 days. ID at 10-12. Regarding work assignments, she determined the appellant's allegations included claims that his supervisor cancelled a meeting he had scheduled with a client without any prior explanation, provided contradictory advice and extensive edits regarding work assignments, improperly assigned him a case and required him to handle a grievance in which he was named, and transferred work assignments from him. ID at 13-14.

¶4        The administrative judge construed the appellant's claim of enforced leave as relating to the agency's actions in placing him on administrative leave on April 13, 2015, and in denying his request for annual leave from April 6-10, 2015. ID at 3-4.

¶5        The agency filed a motion to dismiss arguing that the appellant failed to establish Board jurisdiction over his appeal. IAF, Tab 7. Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. ID at 2. Regarding the appellant's alleged involuntary resignation, the administrative judge found that he failed to nonfrivolously allege that his working conditions were so intolerable that a

reasonable person would have felt compelled to resign. ID at 4-16. Regarding the appellant's claim of enforced leave, the administrative judge found that he failed to show that he was suspended for more than 14 days as required to establish jurisdiction under 5 U.S.C. § 7512. ID at 3-4. In particular, she found that the appellant's placement on administrative leave on April 13, 2015, did not constitute a suspension because he was in a paid status. *Id.* She further found that, even assuming the agency denied the appellant's request to take leave for 5 days from April 6-10, 2015, he failed to show he was suspended for more than 14 days.[3] ID at 4.

¶6 The appellant has filed a petition for review in which he challenges the administrative judge's findings regarding his alleged involuntary resignation. Petition for Review (PFR) File, Tab 1. The agency has opposed the appellant's petition, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7 An employee-initiated action, such as a resignation or retirement, is presumed to be voluntary, and thus outside the Board's jurisdiction, unless the employee presents sufficient evidence to establish that the action was obtained through duress or coercion or shows that a reasonable person would have been misled by the agency. *Green v. Department of Veterans Affairs*, 112 M.S.P.R. 59, ¶ 8 (2009). In cases such as this one, where the employee alleges that the agency took actions that made working conditions so intolerable that the employee was driven to an involuntary resignation, the Board will find an action involuntary only if the employee demonstrates that the employer engaged in a course of action that made working conditions so difficult or unpleasant that a reasonable person in that employee's position would have felt compelled to resign. *Vitale v.*

---

[3] On review, the appellant does not challenge the administrative judge's findings regarding his alleged placement on enforced leave, and we discern no reason to disturb them.

*Department of Veterans Affairs*, [107 M.S.P.R. 501](#), ¶ 20 (2007). The Board addresses allegations of discrimination and reprisal in connection with an alleged involuntary resignation only insofar as those allegations relate to the issue of voluntariness. *Id.*

¶8       If an appellant makes nonfrivolous allegations of jurisdiction, i.e., allegations that, if proven, could establish the Board's jurisdiction, he is entitled to a hearing at which he must prove jurisdiction by a preponderance of the evidence. [5 C.F.R. § 1201.4](#)(s). For the reasons discussed below, we agree with the administrative judge that the appellant failed to nonfrivolously allege that his resignation was involuntary.

¶9       The administrative judge found that, even if proven, the appellant's claims regarding leave-related issues, taken individually or together, could not evidence a hostile work environment sufficient to establish that the appellant was compelled to resign. ID at 8. The administrative judge considered the appellant's assertions that he was required to email instead of text a sick leave request to his supervisor, was required to take annual leave instead of leave without pay to work half days while his wife was away, was asked to provide supporting documentation regarding his vacation plans in support of his request for annual leave, and was placed on administrative leave for 1 day after he allegedly made threats.[4] ID at 6-10. We find no error with the administrative judge's analysis. *See, e.g.*, *Searcy v. Department of Commerce*, [114 M.S.P.R. 281](#), ¶ 13 (2010) (finding that the appellant failed to nonfrivolously allege that his resignation was involuntary based upon the denial of advanced leave and assistance with work assignments).

¶10      The administrative judge also properly found that the appellant failed to raise nonfrivolous allegations that a reasonable person would have felt compelled

---

[4] The appellant appears to indicate that around this time he sought medical help due to stress and was kept to ensure he was not a danger to himself or others. IAF, Tab 6, Subtab A at 10.

to resign based on the agency's failure to timely place him on performance standards and issuance of a negative performance evaluation. ID at 12; *see Neice v. Department of Homeland Security*, 105 M.S.P.R. 211, ¶ 9 (2007) (finding that dissatisfaction with a performance rating and an unsuccessful challenge to that rating would not compel a reasonable person to resign).

¶11     Finally, the administrative judge found the appellant failed to raise nonfrivolous allegations that a reasonable person would have felt compelled to resign based on the appellant's complaints about work assignments he was given, assignments that were taken away, and feedback regarding his work. ID at 15. The administrative judge considered the appellant's assertions that his supervisor cancelled a meeting without notifying him, assigned him a removal case which he contends should have been assigned to another specialist who was handling a 30-day suspension for the same employee, and assigned him a grievance filed by an employee for whom he previously had handled performance issues at another organization.[5] ID at 13-15. We agree with the administrative judge that such assertions fail to constitute nonfrivolous allegations that the appellant's resignation was involuntary. *See Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (explaining that an employee is not guaranteed a working environment free of stress and that dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions generally are not so intolerable as to compel a reasonable person to resign). The administrative judge also properly considered the totality of the circumstances in finding that the appellant failed to nonfrivolously allege that his resignation was involuntary. ID at 15.

---

[5] The appellant further alleged that his supervisors temporarily reassigned his cases on April 13, 2015, when they sent him home due to his alleged threats. IAF, Tab 6, Subtab A at 10. We agree with the administrative judge that, even if true, such an allegation would not have caused a reasonable person to resign. ID at 14-15.

¶12    On review, the appellant asserts that the agency's cancellation of his WIGI denial following his resignation evidences an admission of wrongdoing. PFR File, Tab 1 at 6.  Even if the appellant's WIGI was improperly denied, he asserts that the agency never informed him that his WIGI was being denied and the agency did not process a Standard Form 50 denying his WIGI until March 12, 2015, the day after he resigned.  IAF, Tab 1 at 8, Tab 6, Subtab A at 13; PFR File, Tab 1 at 6.  Thus, such an action could not have contributed to his alleged involuntary resignation.

¶13    The appellant also argues that the administrative judge improperly failed to consider his allegations of retaliation, discrimination, and disparate treatment. PFR File, Tab 1 at 4.  However, in an involuntary resignation appeal, the Board considers allegations of discrimination and reprisal only insofar as they relate to the issue of voluntariness and not whether they would establish discrimination or reprisal as an affirmative defense.  *See, e.g.*, *Pickens v. Social Security Administration*, 88 M.S.P.R. 525, ¶ 6 (2001).  To the extent the administrative judge failed to fully address the appellant's claims of discrimination, hostile work environment, and retaliation in connection with the issue of voluntariness, any such error did not affect the appellant's substantive rights because, considering such allegations, we find that the appellant has not nonfrivolously alleged that his working conditions were rendered so intolerable that a reasonable person in his position would have felt compelled to resign.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

¶14    We agree with the administrative judge that the appellant failed to nonfrivolously allege that his working conditions were rendered intolerable as a result of his allegations that the agency subjected him to a hostile work environment.  ID at 5, 8, 12, 15-16.  Additionally, we find that the appellant's conclusory statements that the agency was motivated by discrimination and

retaliation for whistleblowing are insufficient to constitute nonfrivolous allegations that his working conditions were so intolerable as to render his resignation involuntary.  IAF, Tab 1 at 4, 6, Tab 6, Subtab A at 12-15, 17-18.  Regarding his retaliation claim in particular, the appellant asserts that the agency issued him a negative performance rating in retaliation for his filing of a grievance.  IAF, Tab 1 at 6, Tab 6, Subtab A at 13.  However, even if proven, such an allegation could not establish that a reasonable person in his position would have felt compelled to resign because, as the administrative judge correctly noted, the appellant could have stayed and contested his performance rating through available procedures instead of resigning.  ID at 12; *see Garcia v. Department of Homeland Security*, 437 F.3d 1322, 1329 (Fed. Cir. 2006) (en banc) (explaining that a resignation is not involuntary if the employee had a choice of whether to resign or contest the validity of the agency action); *Axsom v. Department of Veterans Affairs*, 110 M.S.P.R. 605, ¶ 17 (2009) (finding that the appellant failed to prove that a reasonable person in his position would have felt compelled to resign where he had the option to stand and fight the alleged discrimination, harassment, and retaliation rather than resign).

¶15        Accordingly, we conclude that the administrative judge properly dismissed the appeal for lack of jurisdiction without holding a hearing.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.