# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMES A. ACHENBACH,
        Appellant,

DOCKET NUMBER
SF-0752-14-0704-X-1

v.

DEPARTMENT OF THE NAVY,
        Agency.

DATE: July 8, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Michael M. Freeland, Esquire, La Mesa, California, for the appellant.

Brian N. Brillo and Harold G. Murray, San Diego, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      On January 11, 2016, the administrative judge issued a compliance initial decision finding the agency noncompliant with the settlement agreement in the underlying appeal. *Achenbach v. Department of the Navy*, MSPB Docket No. SF-0752-14-0704-C-1, Compliance File (CF), Tab 17, Compliance Initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2        On October 24, 2014, the administrative judge issued an initial decision in the appellant's constructive removal case dismissing the appeal as settled. *Achenbach v. Department of the Navy*, MSPB Docket No. SF-0752-14-0704-I-1, Initial Appeal File (IAF), Tab 17, Initial Decision. The decision became final after neither party petitioned for review.

¶3        The appellant subsequently petitioned for enforcement of the settlement agreement. On January 11, 2016, the administrative judge issued a compliance initial decision finding that the agency failed to comply with a term in the settlement agreement requiring it to pay the appellant a lump sum of $10,000. CID at 1. The administrative judge ordered the agency to pay this amount to the appellant's representative. *Id.* at 6. Neither party filed a petition for review of this decision.

¶4        On April 13, 2016, the agency submitted a declaration stating that it had made the required payment to the appellant's representative and that on April 11, 2016, the appellant's representative confirmed he had received the payment. *Achenbach v. Department of the Navy*, MSPB Docket No. SF-0752-14-0704-X-1, Compliance Referral File (CRF), Tab 3 at 4. The appellant did not file a response to this submission, although the Board's February 23, 2016 and April 11, 2016 orders informed him that if he failed to do so, the Board might assume he was satisfied and dismiss the petition for enforcement. CRF, Tab 1 at 3-4, Tab 2 at 2.

¶5    Because the agency has filed evidence of compliance and the appellant has not responded, we assume the appellant is satisfied, find the agency in compliance, and dismiss the petition for enforcement.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs.  To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g).  The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203.  If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION.  You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.   Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at  http://www.mspb.gov/probono  for  information  regarding  pro  bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                             _____
                                           Jennifer Everling
                                           Acting Clerk of the Board

Washington, D.C.