# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JANICE E. WHITTAKER,

        Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,

        Agency.

DOCKET NUMBER
DA-0752-15-0157-I-1

DATE: January 3, 2017

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Daniel J. Gamino</u>, Oklahoma City, Oklahoma, for the appellant.

<u>Joan M. Green</u>, Esquire, Oklahoma City, Oklahoma, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2      The agency decided to remove the appellant from her Clinical Dietetic Technician position based on the charge of providing inaccurate information, i.e., telling her supervisor that she had a teaching schedule at Langston University when in fact she had not been employed by the University for more than 10 years. Initial Appeal File (IAF), Tab 7 at 36, 102.  On July 29, 2014, before the effective date of the removal, the agency and the appellant entered into a last‑chance settlement agreement (LCA) that provided that the agency would hold the decision to remove in abeyance for 3 years and rescind the removal after that time, assuming that during those 3 years the appellant did not engage in any conduct deemed by the agency to be an offense punishable by discipline under the agency's table of penalties.  *Id*. at 32.  The LCA provided that, if the appellant engaged in any such conduct, the agency would reinstate the removal.  *Id*.  The LCA also provided that, in the event that the agency reinstated the removal, the appellant waived her right to appeal the removal to the Board.  *Id*.  The agency reinstated the removal, effective September 29, 2014, stating that the appellant had demonstrated misconduct under the provision of the agency's table of penalties defining Careless or Negligent Workmanship Resulting in Waste or Delay.  *Id*. at 31.

¶3      The appellant appealed the agency's action.  IAF, Tab 1.  The administrative judge issued a jurisdictional order, specifically informing the appellant of what she needed to establish in order for the Board to have jurisdiction over her appeal.  IAF, Tab 2.

¶4      Based on the record, including the hearing testimony, the administrative judge found that the appellant failed to show that she complied with the terms of the LCA.  IAF, Tab 29, Initial Decision (ID) at 7.  He found that the appellant's supervisor credibly testified that the appellant's patient assessments were replete with errors, including errors that had the potential to compromise patient care, and that such errors were punishable by discipline as Careless or Negligent Workmanship Resulting in Waste or Delay.  ID at 7-8.  He also found that the appellant failed to show that the agency breached the agreement or acted in bad faith.  ID at 8-9.  He found, moreover, that the appellant voluntarily waived her right to appeal her removal to the Board.  ID at 9.

¶5      In her petition for review, the appellant asserts that her actions did not result in patient neglect or harm.  She contends that, if her supervisor had any reservations about her work, the supervisor would not have allowed the appellant to continue in her position for 2 weeks after she found errors in the patient chart entries made by the appellant.  The appellant asserts that she properly used a copy and paste method to make entries to the patient's charts, a method approved by the agency.  She also asserts, as she did below, that the agency failed to give her notice of the basis for reinstating the removal action.  Additionally, she asserts that her removal does not promote the efficiency of the service.  Petition for Review (PFR) File, Tab 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The appellant bears the burden of proving that an appeal is within the Board's jurisdiction.  5 C.F.R. § 1201.56(b)(2)(i)(A).  The Board lacks jurisdiction over an action taken pursuant to an LCA in which an appellant waives

her right to appeal to the Board. *Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007). To establish that a waiver of appeal rights in an LCA should not be enforced, an appellant must show one of the following: (1) she complied with the LCA; (2) the agency materially breached the LCA or acted in bad faith; (3) she did not voluntarily enter into the LCA; or (4) the LCA resulted from fraud or mutual mistake. *Id*.; *Covington v. Department of the Army*, 85 M.S.P.R. 612, ¶ 12 (2000). When an appellant raises a nonfrivolous factual issue of compliance with an LCA, the Board must resolve that issue before addressing the scope of and applicability of a waiver of appeal rights in the LCA. *Stewart v. U.S. Postal Service*, 926 F.2d 1146, 1148 (Fed. Cir. 1991); *Covington*, 85 M.S.P.R. 612, ¶ 12.

¶7    Here, the appellant's primary argument is that she complied with the LCA. PFR File, Tab 1. First, she asserts that she did not violate the agreement because her actions did not result in harm to a patient. However, the agency's table of penalties lists the charged misconduct as "Careless or Negligent Workmanship Resulting in Waste or Delay." IAF, Tab 7 at 336. Thus, on its face, this misconduct need not result in actual harm. Further, while the lack of patient harm may be a mitigating factor in a penalty determination, it does not mean that the alleged misconduct did not occur. *See Dwight v. Veterans Administration*, 7 M.S.P.R. 37, 39 (1981) (finding mitigation appropriate, when the misconduct was established, but the medical center engineer's negligence did not result in harm). Mitigation is not an appropriate consideration here, given that the appellant's removal penalty was effected pursuant to an LCA in which she waived her Board appeal rights to challenge that penalty.

¶8    The appellant also asserts that she complied with the LCA because she was not immediately removed from performing the duties of her position. PFR File, Tab 1. As the administrative judge found, however, the delay in processing the removal was reasonable because it took the appellant's supervisor time to review the appellant's patient records and then to discuss her findings with her

supervisor after she received an August 12, 2014 email from a dietician complaining about the appellant's work. ID at 9.

¶9        As she did below, the appellant asserts that her errors resulted from her copying information from a patient's prior record and pasting the information into the patient's current record.  The appellant asserts that using this copy and paste method for patient entries was proper for her position.  At the hearing, the appellant's supervisor explained that the appellant, as a Clinical Dietetic Technician, was responsible for conducting nutrition screenings and identifying patients who were at a greater risk of malnutrition.  After the appellant's screenings, a registered dietician would then assess those patients and determine if early intervention was appropriate.  ID at 5.  The administrative judge found not credible the appellant's assertion that the copy and paste method was proper for conducting nutrition screenings.  Rather, he credited the testimony of the appellant's supervisor who emphasized the importance of accuracy in medical records, and explained that copying and pasting could result in information that was not current or valid being placed into a patient's file, and was not an acceptable method for making entries into patient charts.  ID at 8.  The Board must defer to an administrative judge's credibility determinations when, as here, they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so.  *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002).  We find that the appellant has not provided any reason to overturn the administrative judge's credibility determination regarding whether the appellant failed to comply with the LCA.

¶10       Regarding the appellant's assertion that the agency failed to notify her of the basis for reinstating the removal action, PFR File, Tab 1, the administrative judge properly noted that there are no due process concerns of notice and an opportunity to respond at stake in circumstances involving an agency's invocation of an LCA's provision reinstating a removal action, ID at 9 n*.  The record shows

that the appellant received notice and an opportunity to respond to the charges that were the basis of the original removal action. IAF, Tab 7 at 36-102. The administrative judge nonetheless considered the appellant's assertion that the agency failed to give her notice and an opportunity to respond as an allegation that the agency acted in bad faith in invoking the LCA. He found that the appellant's supervisor credibly testified that, during a meeting on August 29, 2014, she showed the appellant specific patient records about which she had concerns and gave the appellant an opportunity to respond to them. Notes taken from that meeting show that the appellant's supervisor showed or gave the appellant a copy of nine patients' records and that the appellant had an opportunity during the meeting to explain her work. IAF, Tab 18 at 9-14. Therefore, we find that the administrative judge correctly determined that the agency's actions did not amount to bad faith. ID at 8-10.

¶11 Finally, the appellant's argument that her removal does not promote the efficiency of the service is unavailing. PFR File, Tab 1. The Board has addressed whether removal for violating an LCA promotes the efficiency of the service and has found that violating a LCA demonstrates a lack of dependability that undermines management's confidence in an employee's ability to perform his duties. *Bahrke v. U.S. Postal Service*, 98 M.S.P.R. 513, ¶ 22 (2005). Here, the appellant waived her Board appeal rights. Absent a finding of jurisdiction, consideration of the efficiency of the service is outside the scope of this appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.